IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| EDWARD J. JIRAK, ) | |
| HELEN A. JIRAK, ) | Bankruptcy No. 12-00169 |
| ) | |
|    Debtors. ) | |
| ------------------------------------------------------ | |
| EDWARD J. JIRAK, ) | |
| HELEN A. JIRAK, ) | Adversary No. 12-09044 |
| ) | |
|    Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| BRADFORD MORTGAGE, ) | |
| ARGENT MORTGAGE COMPANY, ) | |
| DEUTSCHE BANK NATIONAL ) | |
| TRUST CO., et al, ) | |
| ) | |
|    Defendants. ) | |

**ORDER RE: MOTION TO DISMISS
THE ADVERSARY COMPLAINT**

This matter came before the undersigned for hearing on October 19, 2012. Debtor Helen Jirak appeared pro se.  Attorney Mark D. Walz appeared for Defendant Deutsch Bank National Trust Co.  After hearing arguments of the parties, the Court took the matter under advisement.

## STATEMENT OF THE CASE

Debtors[1] filed an adversary complaint against three mortgage companies and other unknown parties. They assert claims under eight theories: constructive fraud and deceit, negligence, unfair trade practices, unjust enrichment, breach of fiduciary duty, violation of the TILA act (15 U.S.C. § 1640(a)), violation of the RESPA act (12 U.S.C. § 2607), and injunctive relief. Debtors argue that when they applied to refinance their mortgage with a prime, fixed rate loan in 2006, they were deceived and given an sub-prime, adjustable rate mortgage loan.

Changes in the adjustable interest rate led to payment defaults by Debtors. A foreclosure petition was filed in 2010. The sheriff's sale was recently concluded after the mortgage servicing agent, AHMS, received relief from the automatic stay in Debtors' Chapter 7 case. Debtors failed to file a resistance to the Motion for relief from stay which was filed May 3, 2012. During the objection period, however, they filed their complaint herein on May 18, 2012.

Defendant Deutsche Bank moves to dismiss the adversary proceeding. It asserts it is entitled to dismissal under several theories:

1) Counts IV through IX relate to wrongdoing by the originator and broker of the 2006 mortgage loan. Deutsche Bank has no liability as it took assignment in 2009.

2) Debtors are judicially estopped. The claims, if valid, belong to the bankruptcy estate. Debtors failed to disclose these claims in their schedules and they have received a "no asset" discharge.

---

[1] Debtor Edward Jirak passed away on September 1, 2012.

2

3) Debtors lack standing. Only the Trustee could pursue this matter.

4) The claims are barred because the Bank holds a final judgment against Debtors from the state court mortgage foreclosure.

5) The claims are barred by the applicable 1-year and 5-year statutes of limitations.

Debtors filed a Motion to Reopen the Chapter 7 case, although that case has not been closed. The Motion includes an Amended Statement of Financial Affairs which discloses their claims in the adversary proceeding. Debtors state they were not aware of the claims at the time they filed the Chapter 7 petition.

## CONCLUSIONS OF LAW

More than one of the Bank's arguments for dismissal has merit. For example, the claims asserted by Debtors in the complaint have been found to be precluded under the Rooker-Feldman doctrine in these circumstances. Postma v. First Federal Savs. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). In Postma, the court held that claims for breach of contract and TILA violations were inextricably intertwined with the Iowa state-court foreclosure judgment and therefore barred under Rooker-Feldman. Id.

The applicable statutes of limitations, however, are the most conclusive bar to Debtors' claims herein. "[A] statutory time bar is an affirmative defense that must be established by the defendant." Estate of Montag v. T H Agriculture & Nutrition Co., 509 N.W.2d 469, 470 (Iowa 1993). The statute of limitations applicable to Debtors' claims of constructive fraud and deceit, negligence, unfair trade practices, unjust enrichment, and breach of fiduciary duty is Iowa Code sec. 614.1(4). This statute requires that actions for fraud and other actions not otherwise covered in sec.

614.1 must be brought within five years. The relevant date in this case is January 19, 2006, the date on which Debtors entered into their mortgage.

A claim for damages under TILA must be brought within one year of the date the violation occurred pursuant to 15 U.S.C. § 1640(e). <u>Rodrigues v. Members Mortgage Co.</u>, 323 F. Supp. 2d 202, 210 (D. Mass. 2004). The violation occurs at the consummation of the transaction, i.e. when the debtor signed the note and mortgage. <u>Whatley v. Recontrust Co.</u>, 2010 WL 4916372, at *3 (E.D. Ark. 2010). Claims under RESPA likewise have a one-year statute of limitations as set out in 12 U.S.C. § 2614.

## ANALYSIS

Based on the foregoing, the Court concludes that Debtors' claims are barred as untimely under the applicable statutes of limitations. Counts IV through VII, asserting constructive fraud and deceit, negligence, unfair trade practices, unjust enrichment, and breach of fiduciary duty, are all state law claims to which Iowa Code sec. 614.1(4) applies. That statute requires actions to be brought within five years of the date the relevant act occurred. In this case, the date that the relevant act occurred is January 19, 2006, the date Debtors signed the mortgage. The statute of limitations for these claims expired in January 2011. This provides grounds for dismissal of the claims set out in Counts IV through VII of the adversary complaint which was filed May 18, 2012.

Counts VIII and IX assert claims for damages under the TILA and RESPA acts. These claims are barred by the one-year statutes of limitations in 15 U.S.C. § 1640(e) and 12 U.S.C. § 2614, respectively. Counts I through III of the Complaint set out descriptions of the parties and background and do not assert claims for relief.

4

On the first page of the Complaint, Debtors describe their eighth claim as "Injunctive Relief." Count X of the Complaint is titled "Resistance to Lift of Stay Against AHMS and Deutsche." This claim is now moot as the Motion for relief from stay was granted on May 25, 2012 in the absence of a resistance to the Motion in the Chapter 7 case. Additionally, further claims regarding the real estate are unavailing now that the sheriff's sale has concluded. In summary, the time to bring claims regarding the January 2006 mortgage has long expired. That limitation and the finalization of the foreclosure proceedings in the Iowa state court prevent any further claims by Debtors.

**WHEREFORE**, the Motion to Dismiss the Adversary Complaint is GRANTED.

**FURTHER**, all the claims raised in Debtors' Complaint are time-barred and this adversary proceeding is hereby DISMISSED.

Dated and Entered: November 16, 2012

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE